IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAISSA DJUISSI KENGNE, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:22-cv-02237-SEG |
| ID.me, INC., and COGENCY GLOBAL, INC., | |
| Defendants. | |

## **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's failure to comply with this Court's Order dated June 8, 2022 denying her request to proceed *in forma pauperis* ("IFP"), and ordering her to pay the appropriate filing fee to the Clerk within 21 days of the date of the Order if she wished to proceed with this case. [Doc. 2, Order].

The Order was based on the financial affidavit that Plaintiff completed and filed under penalty of perjury.[1] [Doc. 1]. The Order instructed Plaintiff that if she

---

[1] Plaintiff's affidavit (signed and declared true under penalty of perjury) indicated that over the past twelve months, Plaintiff earned an average monthly income of $7500 from her employment and retirement (which amounted to $90,000 on an

failed to pay the filing fee, the undersigned would recommend that the action be dismissed.

The Order further notified Plaintiff that if she sought to proceed with her lawsuit, she should first "ensure that she alleges a valid claim and that federal and/or diversity jurisdiction exists." [*Id.* at 2 n.2]. The Order pointed out that after review of her proposed complaint, it was doubtful that any of the federal or state statutes cited by Plaintiff in her proposed complaint provided any individual right of action in federal court.[2] [*Id.*]. This was the first of three lawsuits that Plaintiff filed in this court

---

annual basis). She listed no children or a spouse that rely on her for support, and she indicated that she owns a condo valued at approximately $500,000, a land lot worth $55,000, and an abandoned house worth approximately $200,000. [Doc. 1, Pl.'s Aff.]. The undersigned found that Plaintiff's annual income was well above the poverty level, and while she listed average monthly expenses that exceeded her monthly income, I noted that some of those discretionary amounts for one person seemed unnecessarily high, such as $1000 for food, $1000 for utilities, $200 for laundry and dry cleaning, and $6000 to Bank of America, Citi Bank, and American Express. [Doc. 2 at 2]. I concluded that while she may have limited funds and may have other priorities for those funds, according to her affidavit, she was able to pay the required $402 filing fee and should do so if she wished to pursue this case. [*Id.*].

[2]  Plaintiff's proposed complaint alleges, as a basis for federal question jurisdiction, that the named defendants violated the following federal and state statutes by refusing to provide Plaintiff access to her account on ID.me's website in order for Plaintiff to receive unemployment benefits, "causing Plaintiff to live without income": 42 U.S.C. § 1104 (Unemployment Trust Fund); 26 U.S.C. § 3301, et seq. (Federal Unemployment Tax Act); and O.C.G.A. § 34-8-45 (Supplemental Unemployment Benefits). [Doc. 1-1 at 3–4]. Plaintiff has cited no authority indicating that any of

in the same week seeking permission to proceed IFP.[3] For the same or similar reasons, all of Plaintiff's applications to proceed IFP were denied.

Instead of timely paying the filing fee and submitting an amended complaint, Plaintiff filed a 678-page motion for appeal, citing 28 U.S.C. § 1915(a), Federal Rule of Appellate Procedure 24, and 28 U.S.C. § 1292(b) as the purported governing authorities. [Doc. 5]. In that motion, Plaintiff argues that by delaying and preventing Plaintiff from accessing her ID.me unemployment account, ID.me has "wrongfully, illegally, and/or unlawful [sic] depriving Plaintiff of food, shelter, and adequate healthcare," and "violated Plaintiff unalienable rights under the 14th Amendment Title I" and her "right to Life, Liberty and the pursuit of Happiness as well as due process." [Doc. 5 at 9]. That motion remains pending before the district judge assigned to this case.

With regard to the complaint that Plaintiff has filed in this case, not only has Plaintiff failed to pay the filing fee; she has also failed to establish subject matter

---

these statutes provide an individual right of action in federal court.

[3] *See* Case No. 1:22-cv-02237-SEG, *Raissa Djuissi Kengne v. ID.me, Inc., et al.*; Case No. 1:22-cv-02263-SEG-CMS, *Raissa Djuissi Kengne v. AG South Farm Credit, et al.*; and Case No. 1:22-cv-02297-SEG-CMS, *Raissa Djuissi Kengne v. Georgia Power Co.*

jurisdiction over her claim(s). It is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). It is the plaintiff's burden to demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In this case, the civil cover sheet that Plaintiff completed to initiate this lawsuit indicates that she is asserting federal question jurisdiction. [Doc. 1-3 at 1]. However, there are no allegations in Plaintiff's proposed complaint to support federal question jurisdiction. She has not cited any federal law or statute that would provide federal question subject matter jurisdiction over her claims.

It is also doubtful that diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. *See id.* Plaintiff's complaint and Section Three of the civil cover sheet that Plaintiff completed indicate that she is a citizen of Georgia and that Defendants' principal place of business is in this state. [Doc. 1-1 at 4; Doc. 1-3 at 1]. Plaintiff alleges that the amount in controversy "cannot be easily estimated," but her claim generally alleges

AO 72A
(Rev.8/82)

that she is entitled to receive unemployment benefits, but Defendants' alleged refusal to provide access to her account on their website means she is "unable to use her unemployment benefits to pay her mortgage." [Doc. 1-1 at 4]. Plaintiff's complaint fails to show that the amount in controversy exceeds $75,000 and the action is between citizens of different states.

In sum, Plaintiff's application to proceed IFP was **DENIED** and she has failed to pay the filing fee, as directed by the Court. She has also failed to establish that this Court has subject matter jurisdiction over her claims. I therefore **RECOMMEND** that Plaintiff's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction, and for failure to comply with a lawful order of the Court.

There being nothing further before me, the Clerk is **DIRECTED** to terminate the submission and/or reference.

**IT IS SO RECOMMENDED AND DIRECTED**, this 5th day of August, 2022.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)